UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERRI MURRY WHALEN                                                                      PLAINTIFFS

VS.                                                      CIVIL ACTION NO.: 3:07cv00167-DPJ-JCS

ABBOTT, SIMSES & KUCHLER, GILSBAR,
RHEA HUDSON SHELDON, and JOHN DOES 1-10                                    DEFENDANTS

## ORDER

        This cause is before the Court on the following motions: the Motion to Dismiss, or in the

Alternative, Motion for a More Definite Statement of Defendant Abbott, Simses & Kulcher

("ASK") [34, 37]; the Motion to Dismiss of Defendant Rhea Hudson Sheldon ("Sheldon") [43];

Defendant ASK's Motion for Sanctions [45]; Defendant Sheldon's Motion for Sanctions [63];

and Plaintiff's Motion for Extension of Time to File Designation of Experts and Complete

Discovery [105, 106].  Although not filed as a separate motion, Plaintiff's responses to the

motions for sanctions also seek various sanctions.  The Court, having fully considered the

parties' submissions, finds as follows:

I.        **Facts/Procedural History**

        On November 2, 2007, this Court denied Plaintiff's motion to remand, finding, inter alia,

that the case related to an Employee Retirement Income Security Act ("ERISA") plan.  The Court

thereafter dismissed preempted state law claims, but allowed Plaintiff thirty days to file an

amended complaint, which she did.  The amended pleading added certain claims and parties,

including Defendant Sheldon.  Defendant Sheldon now seeks dismissal.  Defendant ASK also

moves to dismiss some, but not all, of the claims asserted against it in the Amended Complaint.

More particularly, ASK seeks dismissal of Count III (invasion of privacy) and the claim for

punitive damages in the prayer for relief.[1]  ASK does not seek dismissal of those claims related to the denial of benefits under the ERISA plan, which are found in Counts I, II, and IV of the Amended Complaint.

## II.      Analysis

      A.      <u>Motions to Dismiss</u>

In considering a motion under Rule 12(b)(6), a court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  To overcome a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations, quotations, and footnote omitted).[2]

      1.      *Invasion of Privacy*

Plaintiff avers in her Amended Complaint that Defendants, including individual Defendant Sheldon, sent emails regarding her medical condition and that these communications

---

[1]ASK also sought dismissal of Plaintiff's loss of consortium claim, but Plaintiff voluntarily dismissed that claim, along with all other claims of Plaintiff Maurice Whalen.

[2]    Before *Twombly*, the Fifth Circuit Court of Appeals often cited a Rule 12(b)(6) standard based on *Conley v. Gibson*, 355 U.S. 41 (1957), in which the Supreme Court noted that a claim should not be dismissed "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citations omitted).  The Fifth Circuit abandoned this standard in *In re Katrina Canal Breaches Litigation*, following the Supreme Court's holding in *Twombly* "that the *Conley* rule is not 'the minimum standard of adequate pleading to govern a complaint's survival.'"  495 F.3d 191, 205 (5th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1968-69).

violated Mrs. Whalen's privacy and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  *See* Amended Complaint at Count III.  First, any claims under HIPPA must be dismissed because HIPPA creates no private cause of action.  *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006).  Second, Plaintiff's common law invasion of privacy claim is time-barred.[3]

The Amended Complaint fails to provide a specific date for the emails, stating instead that Defendants sent them "[t]hroughout Plaintiff's hospitalization, surgery and recovery . . . ." Amended Complaint ¶18.  Elsewhere, the Amended Complaint states that her surgery occurred on September 1, 2004.  *Id*. ¶14.  Defendants have argued, without contradiction, that the acts alleged must have occurred, if at all, no later than October 2004.  However, Plaintiff filed the invasion of privacy claim on December 20, 2007, more than three years after the alleged transmissions.

Plaintiff's only argument in response to Defendants' motions is that the statute tolled on this state law claim while Mrs. Whalen exhausted her administrative remedies with respect to the

---

[3]There is a potential conflict of law issue that neither party addresses.  According to Plaintiff's Amended Complaint, the emails were sent from Mississippi, Louisiana, and Texas. Amended Complaint ¶19.  Mississippi and Louisiana have one-year statutes of limitations for invasion of privacy claims.  LA. CIV. CODE ANN. Art. 3492 (1994); MISS. CODE ANN. § 15-1-35 (2003).  Texas has a two-year statute of limitations.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986 & Supp. 1997).  To determine which state's substantive law to apply, the Court must use the forum state's choice of law rules.  *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).  Plaintiff proceeds as though Mississippi law applies, and based on the record before it, the Court agrees that the center of gravity rests in Mississippi, where Plaintiff resides and where she and Defendant Sheldon worked for Defendant ASK.  *See generally Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 432 (Miss. 2006) (describing center of gravity test).  In addition, "if the laws of the states do not conflict, then no choice-of-law analysis is necessary, and we simply apply the law of the forum state."  *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (citations and internal quotations omitted).  For reasons that will be explained herein, the Court finds that no conflict exists because the claim would be barred in each state.

ERISA claim.  However, Plaintiff offers no legal authority on this point, and the Court is aware of no such authority.  It seems axiomatic that if the claims were so sufficiently related to the ERISA claim that exhaustion was necessary, then they would be preempted by ERISA.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987) (holding that ERISA "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule").  Assuming the invasion of privacy claim is separate and avoids preemption, then the Court is aware of no cases holding that the statute of limitations tolls pending exhaustion of the ERISA claims.

Notwithstanding, even if ERISA's exhaustion requirements could toll the statute of limitations on an unrelated common law claim, Plaintiff's claim was still late.  According to Plaintiff's original Complaint, she exhausted her administrative remedies on January 16, 2005.  Complaint at Ex. F; *see also* Amended Complaint ¶17.  The invasion of privacy claim was filed on December 20, 2007, more than two years later, and it is therefore time-barred.[4]

### 2.    *Punitive Damages*

Plaintiff's claim for punitive damages is due to be dismissed first because Plaintiff's common law claims have been dismissed.  In addition, "ERISA's civil enforcement provision, ERISA § 502(a), 29 U.S.C. § 1132(a) (1994), does not permit recovery of compensatory or punitive damages."  *Dotson v. United States*, 87 F.3d 682, 690 (5th Cir. 1996).  Finally, Plaintiff failed to respond to this portion of the motion, and Defendant's request to dismiss Plaintiff's claims for punitive damages can therefore be granted as unopposed.

---

[4]Plaintiff makes no argument under Rule 15(c) of the Federal Rules of Civil Procedure, and any such argument, even if viable, would not resurrect this claim under Mississippi law because the original complaint was filed on January 8, 2007, more than one year after exhaustion.

3.      *Remaining Claims Against Defendant Sheldon*

Defendant Sheldon also seeks dismissal under Rule 12(b)(6).  First, the Court must

determine the nature of the claims against this defendant.  Each count of the Amended Complaint

speaks generically of the "Defendants," but Plaintiff in her Memorandum of Authorities in

Opposition to Defendant Rhea Sheldon's Motion to Dismiss ("Plaintiff's Memorandum"),

explains that Sheldon violated Mrs. Whalen's privacy by sending the emails and that the emails

were likely factors in the denial of Mrs. Whalen's medical benefits.  Plaintiff's Memorandum at

6.  As stated above, the privacy claim is time-barred.  As for the second argument, that the emails

"likely" influenced the denial, the Court finds that Plaintiff failed to state a claim upon which

relief can be granted.

Plaintiff's Amended Complaint asserts the following claims: Count I ("Declaratory

Relief"); Count II ("Recovery of Plan Benefits, Pursuant to 29 U.S.C. §1132(A)(1)(B)"); Count

III ("Invasion of Privacy"); Count IV ("Waiver and Estoppel"); and Count V ("Loss of

Consortium").  Plaintiff's Memorandum fails to explain how Defendant Sheldon's alleged acts

could possibly state a cause of action as to any of these counts, sans the time-barred invasion of

privacy count.  Moreover, Plaintiff provides no legal authority supporting a claim against

Defendant Sheldon other than the privacy claim.  Finally, the Court finds that after careful review

of the Amended Complaint, there are no facts alleged that state a claim against this Defendant

under any of the surviving counts of the Amended Complaint.  To overcome a Rule 12(b)(6)

motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Twombly*, 127 S. Ct. at 1965.  The Amended Complaint fails to aver facts sufficient to

state a claim under ERISA against this individual defendant.  Accordingly, Defendant Sheldon is

due to be dismissed pursuant to Rule 12(b)(6).

       B.    <u>Motion for More Definite Statement</u>

Defendants alternatively move for a more definite statement.  The Court, having ruled in

Defendants' favor with respect to Count III, finds that the Amended Complaint is sufficiently

pled with respect to the remaining counts.

       C.    <u>Sanctions</u>

Defendants claim that Plaintiff and her attorney, Rhonda Cooper, filed a frivolous

Amended Complaint.  Plaintiff claims that Defendants filed vexatious pleadings that include ad

hominem attacks.  Both parties seek Rule 11 sanctions.

Starting with Ms. Cooper, the Court denies Defendants' motions.  Based on the Court's

status conference with the parties, it appears that Ms. Cooper is providing advice to Mrs.

Whalen, but that Mrs. Whalen is essentially representing herself.  Significantly, Mrs. Whalen

signed and docketed the Amended Complaint, and Ms. Cooper's name does not appear on that

pleading.  As such, Ms. Cooper signed no pleadings under Rule 11, and because she did not

"present" the pleadings to the Court, as defined by Rule 11(b)(2), the motion is denied as to her.[5]

The Court will take the remaining demands for sanctions under advisement.  Both sides

have raised issues that cause concern, and from the beginning, this litigation has appeared to be

---

[5]Rule 11, as amended, states that a court may not impose a monetary sanction "against a
represented party for violating 11(b)(2) [frivolous pleadings]."  FED. R. CIV. P. 11(c)(5)(A).
However, under subdivisions (b) and (b)(2), the person presenting the pleading to the court
certifies that "the claims, defenses, and other legal contentions are warranted by existing law or
by a nonfrivolous argument for extending, modifying, or reversing existing law or for
establishing new law."  *Id.* at 11(b)(2).  Here, the client is an attorney who presented the subject
pleading.

more personal than most.  Although not the basis of the claim, the Court notes that the dispute arises from a dissolved professional relationship.  Moreover, attorneys have represented themselves, their spouses, and their law firms.  Before the parties incur any additional time and money, and utilize any additional judicial resources, the Court finds that they should discuss the case with a third-party.  They are, therefore, ordered to present this case for a settlement conference with Magistrate Judge James C. Sumner.  The case is stayed pending completion of the settlement conference.  Should the parties fail to resolve their remaining disputes, they are instructed to set a new scheduling order with the magistrate judge.  For this reason, Plaintiff's motion for extensions [105, 106] is denied as moot.

### III.    Conclusion

Accordingly, Defendant ASK's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement [34, 37] is granted in part and denied in part; Defendant Sheldon's Motion to Dismiss [43] is granted; the motions for sanctions by Defendants ASK and Sheldon [45, 63] are denied in part and otherwise taken under advisement; and Plaintiff's motion for extensions [105, 106] is denied as moot.

The parties are instructed to contact Magistrate Judge James C. Sumner no later than June 24, 2008 to set this case for settlement conference.  Should the parties fail to resolve their dispute, they are further instructed to work with the magistrate judge to develop a new scheduling

order that is appropriate for the remaining claims and to contact the Court's Courtroom Deputy,

Ann Nelson, to set a hearing on the demands for sanctions.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE